Augustus Whittemore & others *vs.* Joseph Cowell & another.

The assignees of an insolvent debtor may maintain a bill in equity to set aside a conveyance of an equity of redemption of real estate obtained from them by fraud, and may aver in the alternative that the person who practised the fraud upon them was the agent of the grantee named in the deed, or that the grantee took the deed under a secret trust for the person who practised the fraud; and in case the evidence sustains the former allegation, the agent is not a necessary party to the bill.

If one who has taken a conveyance of land which was procured by fraud has made a mortgage thereof to a *bona fide* mortgagee, the latter is a proper party to a bill in equity to set aside the conveyance, for the purpose of ascertaining and protecting his equitable rights, although the debt which the mortgage was given to secure is not yet due.

Bill in equity alleging that the plaintiffs were duly chosen assignees of the estate of William E. George, an insolvent debtor, whose estate vested in them as of the 18th of September 1861; that on the 13th of December 1858 said George purchased an estate in Wrentham for the price of $10,000, and on the 14th of the following February made a valid mortgage thereof to the Dedham Institution for Savings, to secure the sum of $5000; that on the 21st of June 1860 he executed another mortgage thereof to Sanford Drake, which was made and received with the fraudulent intent to delay his creditors; that this last mortgage was at once assigned to Lyman A. George, a brother

of said debtor, but that the assignment was fraudulently concealed, and was not recorded until the 2d of October 1862, at which time the assignment was recorded and the mortgage discharged ; that on the 12th of June 1861 he executed another fraudulent mortgage of the premises to Franklin Brown, ostensibly to secure the sum of $2500, which mortgage was discharged on the 30th of September 1862, but that only a nominal sum, if anything, was paid for the discharge; that when the plaintiffs became assignees they found the value of the estate to be $12,000, and the apparent incumbrances to be $14,000, all of which were stated by the debtor in his schedule of property ; that they were assured by the debtor and believed that these mortgages were valid; that Lyman A. George knowingly, wilfully and falsely assured them that the mortgages were valid, that the whole amount was due under them to Drake and Brown, that the value of the mortgaged premises did not exceed the amount for which they were mortgaged, that the equity of redemption was of no value, and that he wished for a release of it in order to control the estate and keep possession by paying the interest upon the mortgages and paying the principal at his convenience; that by these fraudulent representations the plaintiffs were induced to agree with said Lyman to convey the equity of redemption for $250 ; that by his request the release was accordingly executed, on the 6th of January 1862, to Joseph Cowell, who was not present and made no bargain with them, and whom they never saw upon the subject; and that Cowell took the release under a secret trust, for the benefit of said Lyman, who paid the consideration, or else that said Lyman was the agent of Cowell, and that the latter is bound by his fraud. The prayer was, that the bank might be decreed to apply all its other securities to pay its claim, in exoneration of the mortgaged estate ; that Cowell might be ordered to pay the balance, if any, of the debt to the bank, and the mortgage held by the bank be thereupon discharged ; and that Cowell might be ordered to reconvey the property to the plaintiffs, free from all incumbrances suffered by him, and that the plaintiffs' deed to him might be declared void; or else that Cowell might be ordered to pay to the plaintiffs the

amounts of the two mortgages to Drake and Brown, or that said mortgages might be declared to be an equitable charge upon the estate, in favor of the plaintiffs.

Cowell and the Wrentham Bank, being the only parties defendant, filed a general demurrer, upon which the case was reserved for the determination of the whole court.

*H. C. Hutchins*, for the defendants.

*D. Foster*, for the plaintiffs.

HOAR, J. The case made by the bill is one of fraud, and its leading object is to set aside the release fraudulently obtained by the defendant Cowell. It avers that the release was obtained by George, as the agent of Cowell, so that Cowell would be bound by the fraudulent acts of George, or that Cowell holds the estate under a secret trust for George. Under this alternative averment, Cowell, and the Wrentham Bank, which holds a mortgage as an innocent purchaser in good faith, are the only necessary parties defendant, because if George was merely an agent, he has no interest in the decree although he was active in the fraud. If on the answer and proofs it should appear that Cowell holds the title in trust for George, it may then be necessary to make George a defendant.

Upon the case made by the bill, the plaintiffs would be entitled to relief: 1. An injunction against Cowell from making any further conveyance of the estate; 2. Satisfaction from the estate for the injury occasioned by the fraud, so far as that should be practicable after satisfying any prior equities of the Wrentham Bank; and 3. Compensation for any deficiency which might remain.

The bank, not being charged with complicity in the fraud, is made a party only for the purpose of ascertaining and protecting its equitable and legal rights; and the settlement with the bank is prayed only as auxiliary and subordinate to the principal relief sought; and any delay that may be necessary to determine the rights of the bank, or difficulty in fixing the mode of satisfying its claims, does not make the bill subject to demurrer.

*Demurrer overruled.*